Gilbert, J.
The error, if any error was committed on the trial, consists in allowing the recovery against the defendants for the value of the bonds which they delivered to the plaintiff’s wife, in contravention of his written order to them not to deliver the bonds without his written order. That order, purporting to have been signed by the plaintiff, was presented to the defendants by his wife on the occasion when the bonds were delivered, and they delivered the bonds to her on the faith of *379 her tacit representation that the order was- genuine. The only question put to the jury or litigated upon the trial related to the genuineness of the signature to this order. The jury found for the plaintiff, and on this he has entered judgment against tire defendants for about $10,000.
A motion is now made for a new trial, on the ground, among - others, that in contemplation of law a delivery of the bonds to the wife was a delivery of them to her husband. This point was not taken on the trial. But I think that fact does not create an insuperable objection to the granting of a new trial. If the point is good in law the plaintiff could not have obviated the objection by any other proof. In such cases it is proper to grant a new trial to prevent injustice. The defense is within the scope of the pleading, and the evidence proves the truth of it.
The question, then, is : Is it a good defense ? There can be no doubt that if the defendant had delivered the bonds tb the . plaintiff himself, such delivery would have barred the action, notwithstanding the plaintiff’s written instructions. Was. a delivery to the wife equivalent in law to a delivery to the plaintiff personally ? I am inclined to think it-was. The husband is liable for the torts of his wife. Why.? Because a tort committed by her is regarded as the joint act of both. His liability springs solely from the unity of the marital relation. A fraud like thaf alleged against the wife is the fraud of both (Reev's Dom. Rel., 3d ed., 72; 2 Kent, 149; 2 E. D. Smith, 90). I have looked into the record of Harriet v. Atkins, decided in this district in 1858, but find in it nothing contrary to this.
It follows, therefore, that, if this view is correct, the' defendants, upon 'the evidence, were entitled to the verdict. They did not get' it because neither the attention of the jury nor that of the court was drawn to this point.
It is said that the only mode of enforcing the liability of the husband for the torts of the wife is by action against both jointly, or by a counterclaim. I cannot assent to this. The husband cannot maintain an action the essential basis of which is the fraud of his wife, for which he as well as she is liable. Hpon the whole, I think the defendants ought to be afforded an opportunity to have this defense passed upon. The power to grant new trials ought to be liberally exercised for the advancement of justice when no rule of law or of public policy is infringed.
*380 The motion for a new trial, therefore, is granted on payment, within five days, of the cost of the actions as heretofore taxed, and $10 costs of'this motion. The plaintiff may also suggest other terms, and the order will be settled by me.